[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14163
Non-Argument Calendar
_____

Agency No. A070-607-107

RAFAEL MONTELONGO-CASTILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 3, 2013)

Before BARKETT, MARCUS, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Rafael Montelongo-Castillo ("Montelongo") seeks review of an order by the Board of Immigration Appeals ("BIA") dismissing his motion to reopen deportation proceedings. After review of the record, we affirm.[1]

Montelongo, a native and citizen of Mexico, was ordered deported from the United States in 1994, prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub .L. No. 104-208, 110 Stat. 3009. Montelongo reentered the United States without inspection in 1997, and in August 2012, pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1325(a) and 1326(b)(2). In January 2012, he filed a motion to reopen his deportation proceedings. The Immigration Judge ("IJ") denied the motion, holding that she lacked jurisdiction to entertain the motion pursuant to the "departure bar" regulation, which prevents an IJ or the BIA from considering a motion to reopen filed by a person who has departed the United States, 8 C.F.R. §§ 1003.23(b)(1), 1003.2(d). The BIA affirmed the IJ's denial. Montelongo filed a second motion to reopen, requesting that the BIA reverse the denial based on our decision in Lin v. U.S. Att'y Gen., 681 F.3d 1236 (11th Cir. 2012), in which we held that the administratively-created departure bar impermissibly conflicted with the statutory right to file a motion to reopen removal proceedings codified in IIRIRA. The BIA

---

[1] We review the denial of a motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). However, questions of law are reviewed de novo. Makir-Marwil v. U.S. Att'y Gen., 681 F.3d 1227, 1233 n.3 (11th Cir. 2012).

denied the motion, concluding that <u>Lin</u> did not apply to Montelongo's case because he was seeking to reopen pre-IIRIRA deportation proceedings, not removal proceedings.

"The 'general rule' is that the 1996 amendments do not apply to aliens who are in deportation proceedings prior to April 1, 1997." <u>Cunningham v. U.S. Att'y Gen.</u>, 335 F.3d 1262, 1266 (11th Cir. 2003) (citing IIRIRA § 309(c)(1)(B)). IIRIRA explicitly mandates that "[deportation] proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments." IIRIRA § 309(c)(1)(B). Because Montelongo's deportation proceedings concluded in 1994, his case is governed by the pre-1996 Immigration and Nationality Act, which did not include a statutory right to file a motion to reopen.[2] Consequently, our decision in <u>Lin</u>, which was based exclusively on the statutory text of IIRIRA and did not posit any independent right to file a motion to reopen, is also inapplicable to Montelongo's case. Accordingly, because Montelongo left the United States, the BIA correctly determined that it lacked jurisdiction to consider his motion to reopen pursuant to the departure bar.

**AFFIRMED.**

---

[2] The BIA was authorized by administrative regulations from its outset in 1940 to reopen closed cases. <u>See</u> <u>Lin</u>, 681 F.3d at 1238-39; 8 C.F.R. § 90.10 (1940). However, this authority was discretionary. No pre-1996 regulations or statutes gave aliens a right to file a motion to reopen.

3